**STATE OF MONTANA,**
        **Plaintiff,**

**vs.**

**Gary W. Hughes, Jr.,**
        **Defendant.**

**NO. DC 96-202**
**DECISION**

On January 24, 1997, it was the judgment of this court that the defendant be sentenced to term of incarceration at the Montana State Prison of forty (40) years. The defendant is to be ineligible for parole or any other type of release from Prison until he completes all phases of the sex offender, anger management, moral reconation, and chemical dependency treatment programs available at that facility, and follows all resulting recommendations to the satisfaction of his supervising officer and treatment providers. Of this period of incarceration, ten (10) years are suspended in order to assure a substantial period of supervised probation in the event that the defendant is not granted parole. The defendant must comply with conditions of parole and probation as stated in the January 24, 1997 judgment. The defendant is to be given credit for one hundred fifty (150) days served in the Flathead County Detention Center pending final disposition in this matter. As required by Section 46-18-254, M.C.A., the defendant is hereby advised of his obligation to register as a sexual offender.

On June 4, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by attorney Michael Keedy. The State was not represented in person although Ed Corrigan, Deputy County Attorney, sent a letter outlining the State's views on the matter.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, there is a split decision of the Sentence Review Board. The Honorable Wm. Nels Swandal and Honorable Jeff Langton vote to affirm the sentence.

Done in open Court this 4th day of June, 1998.

DATED this 17th day of June, 1998.

**Chairman, Hon. Wm. Nels Swandal and Member,**
**Hon. Jeff Langton.**

The Honorable Richard Phillips votes to give the sentence that was recommended in the Pre-Sentence Investigation which was 30 years with 10 years suspended. The recommendation from the psychosexual evaluator did not specify a particular prison term but the Pre Sentence Investigation recommended specifically 30 years with 10 suspended, and the undersigned deems the agreement with the specific recommendation binding upon the court.

**Member, Hon. Richard Phillips.**

The Sentence Review Board wishes to thank attorney Michael Keedy for representing Gary Hughes in this matter and also Ed Corrigan, Deputy County Attorney, for the State's letter.